[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR ORDER OF RETROACTIVITY
This memorandum addresses the plaintiff's Motion for Order, submitted under date of December 18, 1995. Therein, the plaintiff moved the court to order that child support obligations that were instituted on November 14, 1995 would relate back to, and become effective as of, January 30, 1995. The court finds the issue of retroactivity generally in favor of the plaintiff, but reserves decision on the specific retroactivity of the child support order entered on November 14, 1995.
The file reflects the following pertinent information. The plaintiff husband brought this action for dissolution of marriage with a return date of June 1993. The complaint alleged that there were three minor children born issue of the marriage: Daniel, born March 3, 1983, Andrew, born August 22, 1984; and Benjamin, born August 15, 1990. This allegation was admitted through the defendant's answer dated July 30, 1993. Divers motions and orders preceded the parties's agreement of September 27, 1994, ratified by the court (Santos, J.), which required, inter alia, that the plaintiff "pay the defendant $248.00 per week as child support pendente lite, retroactive to June 29, 1994. Said sum is in accordance with the Child Support Guidelines."
On January 30, 1995, the plaintiff submitted his Motion for Modification of these existing child support orders. As grounds for his motion, the plaintiff stated therein: "There has been a substantial change in plaintiff's circumstances. He is not currently employed full time and is receiving unemployment CT Page 3125 compensation benefits." Under date of October 10, 1995, the defendant submitted a Motion for Contempt, asserting the plaintiff's "failure to pay child support in accordance with court order." An arrearage of $9,053.00 was determined by the family support magistrate (Sosnoff) on October 25, 1995, at which time the plaintiff was also ordered to continue paying child support in the amount of $248.00 and to pay the defendant a lump sum of $150.00 by November 15, 1995.
The parties appeared before the court (Rubinow, J.) on November 14, 1995, on which date the marriage was dissolved. Orders were entered in accordance with the Settlement Agreement that had been jointly executed by the parties. Through this agreement, the parties advised the court of the sad news that their eldest child, Daniel, had "passed away on December 30, 1994." Settlement Agreement, November 14, 1995, p. 4, ¶ 4. The agreement also served as the basis for the court's order that the plaintiff pay the defendant a total of $170.00 per week in child support, allocated as $70.00 per week for the older child and $100.00 per week for the younger child. Id., p. 9, ¶ 4. The parties agreed to "reserve the right to argue regarding retroactivity of the child support order entered in paragraph 4 of this agreement." Id., p. 15, ¶ 10. The issue of retroactivity was presented to the family support magistrate on November 15, 1995; decision on that matter was deferred to the Superior Court.
The court notes that the plaintiff's submission of the Motion for Modification dated January 30, 1995 followed closely upon the occurrence of Daniel's death. However, the court notes as well that the plaintiff did not allege the loss of this child as a basis for his claim to a modification of the existing child support order.
General Statutes § 46b-86 (a) provides, in pertinent part, that: "[n]o order for periodic payment of permanent alimonyor support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order i from the date of service of notice of such pending motion upon the opposing party pursuant to section52-50." (Emphasis added.) In this case, the plaintiff has asked this court to utilize its equitable jurisdiction to consider and grant his request for a retroactive modification of pendente lite
child support order. The court concurs with the plaintiff's CT Page 3126 submission that no current statutory or appellate court authority prohibits the rendering of such relief.
While the defendant relies upon Weinstein v. Weinstein;18 Conn. App. 622 (1989);[1] as authority for his opposition to the plaintiff's motion, she concedes that "to date, Connecticut Case Law has not additionally addressed the issue of child support and retroactivity." Defendant's Memorandum of Law, February 14, 1996, p. 4. The defendant also argues that any modification of the September 27, 1994 child support order will serve to "punish" the defendant, as the plaintiff declined to aggressively pursue his opportunities for revision of his obligation to pay $248.00 as weekly child support. The court must balance these claims against the potential that the defendant would be unjustly enriched by receipt of child support based on the existence of three children in her custody, when she was charged with the care of only two living children after December 30, 1994.
This court's file does not reflect any financial affidavits which may have formed the basis for the entry of the September 27, 1994 order to pay child support[2] The record establishes, however, that the parties were responsible for the care and support of three children at that time: the record further establishes that after December 30, 1994, the parties were responsible only for the care and support of two children. It would be unjust and inequitable to require the plaintiff to pay any support which would be directly attributable to Daniel's care, after that child's death. The court finds that the death of Daniel Johnson, on December 30, 1994, formed a significant and substantial change in one of the elemental criteria which reasonably should have formed the basis for the court's I order of child support on September 27, 1994, to wit, the number of children for whom support was to be provided. As this change occurred on December 30, 1994, and as the plaintiff has requested that any modification of the underlying child support order be made retroactive to January 30, 1995, one month later than the date of the change, the court finds that the defendant would not be unduly prejudiced through the use of January 30, 1995 as the effective date of any modification.
The court further finds that the parties shall be entitled to present evidence relevant to the application of the Child Support and Arrearage Guidelines, and to the factors enumerated in General Statutes § 46b-84, for purposes of determining what amount of CT Page 3127 child support was due from the plaintiff to the defendant after Daniel's death, and based upon the circumstances set forth in the motion for modification. The court therefore directs the clerk to assign this matter for a brief evidentiary hearing to take place at the next available short calendar session. Each party is ordered to bring to court documentation of their income status between January 30, 1995 and November 14, 1995, within the meaning of the guidelines, to facilitate the court's resolution of this matter.
WHEREFORE, the court orders that any modification of the child support order issued September 27, 1994 shall be effective from January 30, 1995 through November 14, 1995. The court reserves decision on the nature and extent of any modification that shall be applied during this effective period.
BY THE COURT,
N. Rubinow, J.