[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION (PENDENTE LITE)
CT Page 4572
Pursuant to a Memorandum of Decision dated February 19, 2002, this court entered a pendente lite order of unallocated alimony and child support to take effect March 1, 2002, together with an immediate wage withholding order to secure same. The defendant husband ("husband"), who was unemployed at the time of the original order and receiving disability income, filed a Motion for Modification dated February 26, 2002, claiming a substantial change of circumstances due to the refusal of one of the disability insurance provider's failure to pay. Since January 15, 2002, he has been employed on a commission basis as a broker in the area of commercial office space leasing in New York City. He has asked that any modification be retroactive to the date of his motion.
For her part, the plaintiff wife ("wife") has asked the court to revisit the prior order for the reason that the court failed to take into consideration an earlier order dated July 25, 2001, to the effect that the temporary alimony and support would be retroactive to July 24, 2001, with due credit to the husband for any support payments preceding February 19, 2002. In addition, she has asked for a determination of the accrued arrearage. The last payment by the husband was $4,000 on March 1, 2002 he has made no payments to the wife since. At a hearing before the court on April 3, 2002, both parties agreed. upon the basic alimony and support due for that period, as well as to a portion of the credits due to the husband.
In addition, both parties have sought orders regarding the 1995 Porsche 911 automobile, which is currently registered in the wife's name, although it had been regularly driven by the husband. The car had been seized by the wife from the courthouse parking lot, and taken by her, ostensibly to sell it pendente lite for the payment of some family debts. (See motions ##138, 139, 140, 141.10, and 143.)
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-82, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That the court inadvertently entered its prior order without making it retroactive to July 24, 2001; that it is within power of the court to correct judgments, and moreover, "under the common law, judgments may be corrected at any time." Blake v. Blake, 211 Conn. 485, 494 (1989); and CT Page 4573 that it is equitable and appropriate to correct the prior order under all the circumstances.
2. That there is an arrearage in unallocated alimony and child support for the period July 24, 2001 through February 28, 2002, in the amount of $87,000; that the parties agreed that the husband is entitled to a credit in the amount of $44,700; that, in addition, it is equitable and appropriate to apply a credit to the husband's obligation for payments made to or on behalf of the wife and minor children in the amount of $5,781.00; and that the total arrearage for the period of $36,519.
3. That there has been a substantial change of circumstances since the date of the last order in that the husband is now employed as a broker in the area of commercial office space leasing in New York City, although he has yet to receive any commissions; that one of the disability insurance providers, Guardian Insurance, has refused to make payments to him pursuant to the policy with the result that his gross income has been reduced by the sum of $15,000.00 per month; and that in addition to the correction, it is equitable and appropriate that the current order be modified.
4. That the current net earnings of the husband are in the form of a tax-free disability payment of $7,625.00 per month; and that the net earnings of the wife are $2,335.00 per month.
5. That the presumptive basic child support is $684.00 per week; that the husband's share is $476.00; and that the combined net income of the parties is slightly in excess of the maximum on the Child Support Guidelines table.
6. That the Court finds that it is appropriate and equitable to apply the deviation criteria set forth in Section 46b-215a-3 (b)(5) of the Child Support and Arrearage Guidelines Regulations on the basis of the coordination of total family support.
7.That it is equitable and appropriate that the modification become effective retroactive to March 1, 2002; and that the husband is entitled to a credit in the amount of $4,000 for a payment made on or about March 1, 2002. General Statutes § 46b-86 (a); See also, Johnson v.Johnson, 1996 Ct. Sup. 3124, 16 CLR 459 (Rubinow, J., April 10, 1996)
8. That pursuant to the Child Support Guidelines, the parties should share the unreimbursed medical expenses of the minor children as follows: 50% by the husband and 50% by the wife.
9. That the 1995 Porsche 911 is a marital asset and as such should not CT Page 4574 be disposed of prior to trial or further order of court.
 ORDER
1. Commencing March 1, 2002, and monthly thereafter, the husband shall pay to the wife 42.5% of his income from non-taxable sources, including the Northwestern Mutual disability payment and 27.5% of his gross income from all other sources (including any recovery from Guardian Insurance for disability payments) as and for periodic unallocated alimony and child support, pendente lite, until the death of either party or further order of court, whichever shall sooner occur.
2. The wife shall be responsible for the payment of all customary and ordinary expenses related to the household at 424 Cognewaugh Road, including, but not limited to, mortgage, home equity, real estate taxes, homeowners' insurance, and the nanny.
3. Commencing March 1, 2002, and monthly thereafter, the husband shall pay to the wife an additional 12.5% of his income from all sources (including any recovery from Guardian Insurance for disability payments) until such time as the current arrearage in the amount $36,519.00 is paid in full.
4. The husband shall provide the wife with satisfactory evidence of his gross income from all sources no less frequently than every two months commencing June 1, 2002.
5. Unreimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses for the minor child, shall be divided by the parties, 50% by the husband and 50% by the wife. The provisions of Section 46b-84 (e) C.G.S. shall apply.
6. The 1995 Porsche 911 currently registered and titled to the wife, shall remain in the possession of the wife until further order of court, and she is specifically directed not to transfer, encumber, or otherwise alienate it.
7. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to secure the payment of the alimony and child support order, and the prior order is hereby modified effective as of March 1, 2002, consistent with this order.
THE COURT
____________________ SHAY, J. CT Page 4575